1  Simon J. Frankel (State Bar No. 171552)
   sfrankel@cov.com
2  Mali B. Friedman (State Bar No. 247514)
   mfriedman@cov.com
3  COVINGTON & BURLING LLP
   One Front Street
4  San Francisco, CA 94111
   Telephone:  (415) 591-6000
5  Facsimile:  (415) 591-6091

6  Attorneys for Defendants
   THE HAIN CELESTIAL GROUP, INC.,
7  KISS MY FACE CORPORATION, and
   LEVLAD, LLC
8
   ADDITIONAL COUNSEL AND PARTIES
9  LISTED ON SIGNATURE PAGES

10

11                     UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13
                                              Civil Case No.: CV 09 3517
14 ALL ONE GOD FAITH, INC., d/b/a DR.
   BRONNER'S MAGIC SOAPS, a California
15 corporation,
                                              **NOTICE OF REMOVAL**
16        Plaintiff,

17   vs.

18 THE HAIN CELESTIAL GROUP, INC., a        State Court Docket:
   Delaware corporation; KISS MY FACE          California Superior Court,
19 CORPORATION, a New York corporation;       San Francisco County,
   LEVLAD, LLC, a California limited          Case No. CGC-08-474701
20 liability company; YSL BEAUTE, INC., a
   New York corporation; GIOVANNI
21 COSMETICS, INC., a California
   corporation; COSWAY COMPANY, INC.,
22 a California corporation; COUNTRY LIFE,
   LLC, a New York limited liability company;
23 ORGANIC AND SUSTAINABLE
   INDUSTRY STANDARDS, INC., a
24 Nevada corporation; ECOCERT FRANCE
   (SAS), a French corporation; and
25 ECOCERT, INC., a Delaware corporation;

26        Defendants.

27

28

NOTICE OF REMOVAL
Civil Case No.:

TO THE CLERK OF THE ABOVE-TITLED COURT:

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants The Hain Celestial Group, Inc. ("Hain Celestial"); Kiss My Face Corporation ("Kiss My Face"); Levlad, LLC ("Levlad"); YSL Beaute, Inc. ("YSL Beaute"); Giovanni Cosmetics, Inc. ("Giovanni"); Cosway Company, Inc. ("Cosway"); Country Life, LLC ("Country Life"); and Ecocert France (SAS) and Ecocert, Inc. ("Ecocert") (collectively, "Defendants")[1] hereby remove to this Court the state court action, Case No. CGC-08-474701, described below. In support of this removal, Defendants state as follows:

### Procedural History

1. On April 28, 2008, Plaintiff All One God Faith, Inc., d/b/a Dr. Bronner's Magic Soaps ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Francisco, entitled *All One God Faith, Inc., d/b/a Dr. Bronner's Magic Soaps, a California corporation vs. The Hain Celestial Group, Inc., a Delaware corporation; Kiss My Face Corporation, a New York corporation; Levlad, Inc., a California corporation; Estee Lauder, Inc. a Delaware corporation; Florestas Organic Botanical, Inc., a New York corporation; Juice Beauty, Inc., a Delaware corporation; Stella McCartney America, Inc., a Delaware corporation; Giovanni Cosmetics, Inc., a California corporation; Cosway Company, Inc., a California corporation; Country Life, LLC, a New York limited liability company; Organic and Sustainable Industry Standards, Inc., a Nevada corporation; Ecocert France (SAS), a French corporation; and Ecocert, Inc., a Delaware corporation*, Case No. CGC-08-474701. The Complaint alleged one cause of action under California Business & Professions Code Section 17200 ("Section 17200") against defendants Hain Celestial, Kiss My Face, Levlad, Florestas Organic Botanical, Inc.,[2] Juice Beauty, Inc., Stella McCartney America, Inc.,[3]

---

[1] As explained below, Organic and Sustainable Industry Standards, Inc. ("OASIS") is fraudulently joined as a defendant in the Second Amended Complaint and therefore its joinder in this Notice of Removal is not required.

[2] The original Complaint was dismissed with prejudice as to Florestas Organic Botanical, Inc., on June 24, 2008.

[3] The First Amended Complaint, discussed *infra*, substituted YSL Beaute as a party for Stella McCartney America, Inc.

1  Giovanni, Cosway, and Country Life; one cause of action under Section 17200 against
2  defendant Estee Lauder, Inc.;[4] and one cause of action under Section 17200 against defendants
3  OASIS and Ecocert. A true and correct copy of the original Complaint is attached hereto as
4  Exhibit A.

5      2.   On August 6, 2008, Plaintiff filed its First Amended Complaint, entitled
6  *All One God Faith, Inc., d/b/a Dr. Bronner's Magic Soaps, a California corporation vs. The*
7  *Hain Celestial Group, Inc., a Delaware corporation; Kiss My Face Corporation, a New York*
8  *corporation; Levlad, Inc., a California corporation; Estee Lauder, Inc., a Delaware*
9  *corporation; Juice Beauty, Inc., a Delaware corporation; YSL Beaute, Inc., a New York*
10 *corporation; Giovanni Cosmetics, Inc., a California corporation; Cosway Company, Inc., a*
11 *California corporation; Country Life, LLC, a New York limited liability company; Organic and*
12 *Sustainable Industry Standards, Inc., a Nevada corporation; Ecocert France (SAS), a French*
13 *corporation; and Ecocert, Inc., a Delaware corporation*, Case No. CGC-08-474701. The First
14 Amended Complaint alleged one cause of action under California Business & Professions Code
15 Section 17200 against defendants Hain Celestial, Kiss My Face, Levlad, Juice Beauty, Inc.,[5]
16 YSL Beaute, Giovanni, Cosway, and Country Life; one cause of action under Section 17200
17 against defendant Estee Lauder; and one cause of action under Section 17200 against defendants
18 OASIS and Ecocert. A true and correct copy of the First Amended Complaint is attached hereto
19 as Exhibit B.

20     3.   On October 8, 2008, the Superior Court entered an order denying
21 defendant OASIS's special motion to strike under California Code of Civil Procedure Section
22 425.16 (the "Anti-SLAPP Statute"). A true and correct copy of the Superior Court's October 8,
23 2008, order is attached hereto as Exhibit C. On October 15, 2008, OASIS filed its Notice of
24 Appeal of the Superior Court's October 8, 2008, order. OASIS's appeal currently is pending

---

[4] Estee Lauder, Inc., was not named as a party in the Second Amended Complaint, discussed *infra*.

[5] The First Amended Complaint was dismissed with prejudice as to Juice Beauty, Inc., on September 2, 2008.

NOTICE OF REMOVAL            2
Civil Case No.:

1  before the California Court of Appeal, First Appellate District. A true and correct copy of
2  defendant OASIS's Notice of Appeal is attached hereto as Exhibit D.
3     4.   On June 1, 2009, the Superior Court entered an order granting the
4  remaining defendants' motions for judgment on the pleadings with leave to amend, on the basis
5  that Plaintiff lacked standing under California Business & Professions Code Section 17204 to
6  bring the First Amended Complaint. The order gave Plaintiff 30 days to file an amended
7  complaint. A copy of the order granting the motions for judgment on the pleadings is attached
8  hereto as Exhibit E.
9     5.   On July 1, 2009, Plaintiff filed its Second Amended Complaint, entitled
10  *All One God Faith, Inc., d/b/a Dr. Bronner's Magic Soaps, a California corporation, Plaintiff,*
11  *vs. The Hain Celestial Group, Inc., a Delaware corporation; Kiss My Face Corporation, a New*
12  *York corporation; Levlad, LLC, a California limited liability company; YSL Beaute, Inc., a New*
13  *York corporation; Giovanni Cosmetics, Inc., a California corporation; Cosway Company, Inc.,*
14  *a California corporation; Country Life, LLC, a New York limited liability company; Organic*
15  *and Sustainable Industry Standards, Inc., a Nevada corporation; Ecocert France (SAS), a*
16  *French corporation; and Ecocert, Inc., a Delaware corporation; Defendants.* The Second
17  Amended Complaint alleges one cause of action under Section 43(a) of the Lanham Act, 15
18  U.S.C. § 1125(a) ("Section 43(a)"), against defendants Hain Celestial, Kiss My Face, Levlad,
19  YSL Beaute, Giovanni, Cosway, and Country Life; and one cause of action under Section 43(a)
20  against defendant Ecocert and putative defendant OASIS. A true and correct copy of the
21  Second Amended Complaint is attached hereto as Exhibit F. Exhibits A-L constitute all of the
22  process, pleadings, and substantive orders served on Defendants in this case, and are attached
23  hereto pursuant to 28 U.S.C. § 1446(a).

**Timeliness of Removal**

25     6.   Defendants first received notice of the removability of this action through
26  service of the Second Amended Complaint on July 1, 2009. That was the first time Plaintiff
27  asserted a claim based directly on federal law. This notice therefore is timely pursuant to 28
28  U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a).

NOTICE OF REMOVAL                3
Civil Case No.:

## Consent of All Properly Joined Defendants to Removal

7. Defendants Hain Celestial, Kiss My Face, Levlad, YSL Beaute, Giovanni, Cosway, Country Life, and Ecocert consent to removal and join this Notice of Removal. Putative defendant OASIS does not join in this petition for removal. As discussed below, at the time of the filing of the Second Amended Complaint, Plaintiff's claim against OASIS was on appeal and thus could not be amended pending the outcome of that appeal; accordingly, OASIS was fraudulently named in the Second Amended Complaint and its joinder herein is not required.

8. As a general rule, all defendants named in an action must join in the notice of removal. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002); *see* 28 U.S.C. § 1446(a). However, "nominal, unknown or fraudulently joined" defendants need not join the petition for removal. *United Computer*, 298 F.3d at 762 (internal quotation marks and citation omitted).

9. A defendant is fraudulently joined if "the plaintiff knows the claim [against the defendant is] groundless in law or fact." *Simmons v. California*, 740 F. Supp. 781, 787 (E.D. Cal. 1990), *overruled on other grounds by Kruse v. Hawaii*, 68 F.3d 331, 333-34 (9th Cir. 1995). The doctrine of fraudulent joinder can be applied where an obstacle to federal question jurisdiction is that one defendant does not consent to removal. *See Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151 (N.D. Cal. 2003).

10. An appeal of the denial of an anti-SLAPP motion imposes an automatic stay of all further trial court proceedings on the merits. *Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 193-96 (2005); *see also* Cal. Civ. Proc. Code § 916. This stay specifically applies to the filing of an amended complaint. *See Roberts v. Los Angeles County Bar Ass'n*, 105 Cal. App. 4th 604, 612-13 (2003). The complaint that was operative at the time of the filing of OASIS's special motion to strike, the First Amended Complaint, remains the operative pleading as against OASIS during the pendency of its appeal on the denial of the special motion to strike.

*See id.* Thus, OASIS could not be properly named as a defendant in the Second Amended Complaint, and the claim against it in that pleading is barred as a matter of law.[6]

11. For the foregoing reasons, OASIS was fraudulently joined in the Second Amended Complaint, and its joinder in this petition is not necessary for Defendants to properly remove this action to federal court. *See Sutton v. Davol, Inc.*, 251 F.R.D. 500, 506 (E.D. Cal. 2008) ("failure to [] obtain the consent of an improperly joined defendant . . . does not negate an otherwise proper removal").

### Basis for Removal Jurisdiction

12. This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 confers "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" on the federal district courts. The Second Amended Complaint alleges two causes of action under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Thus, it arises under federal law and this Court has federal question jurisdiction over this action.

13. <u>Removal to the Northern District of California is proper</u>. Removal to the Northern District of California is proper because it is the district within which the state action is pending. 28 U.S.C. § 1446(a).

14. For the reasons stated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this action is removable pursuant to 28 U.S.C. § 1441.

### Notice to State Court and Plaintiff

15. Counsel for Defendants certify that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Francisco, and served on Plaintiff promptly.

---

[6] On July 28, 2009, putative defendant OASIS filed, in the Superior Court, a Motion to Strike OASIS From the Second Amended Complaint. A true and correct copy of OASIS's motion to strike is attached hereto as Exhibit L.

WHEREFORE, the case now pending in the Superior Court of the State of California, County of San Francisco, Case No. CGC-08-474701, is hereby removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441.

DATED: July 31, 2009

COVINGTON & BURLING LLP

By: /s/ Simon J. Frankel
SIMON J. FRANKEL
Attorneys for Defendants THE HAIN CELESTIAL GROUP, INC.; KISS MY FACE CORPORATION; and LEVLAD, LLC

GREENBERG TRAURIG LLP

By: /s/ James M. Mattesich /MBF
JAMES M. MATTESICH
Attorneys for Defendant YSL BEAUTE, INC.

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN LLP

By: /s/ Stephen T. Holzer /MBW
STEPHEN T. HOLZER
Attorneys for Defendant GIOVANNI COSMETICS, INC.

WESTRUP KLICK LLP

By: /s/ R. Duane Westrup /MBF
R. DUANE WESTRUP
Attorneys for Defendant COSWAY COMPANY, INC.

| | |
|---|---|
| 1 | HOWREY LLP |
| 2 | By: *[signature] Benjamin K. Riley /MBF* |
| 3 | BENJAMIN K. RILEY |
| | Attorneys for Defendant COUNTRY |
| 4 | LIFE, L.L.C. |
| 5 | |
| | ROPERS, MAJESKI, KOHN & |
| 6 | BENTLEY |
| 7 | |
| | By: *[signature] Thomas H. Clarke /MBF* |
| 8 | THOMAS H. CLARKE, JR. |
| | Attorneys for Defendants |
| 9 | ECOCERT FRANCE (SAS) and |
| | ECOCERT, INC. |

NOTICE OF REMOVAL
Civil Case No.:                                   7

## Notice of Removal: List of Exhibits

| | |
|---|---|
| **Exhibit A** | Complaint (4/28/08) |
| **Exhibit B** | First Amended Complaint (8/6/08) |
| **Exhibit C** | Order Denying Defendant OASIS's Special Motion To Strike (10/8/08) |
| **Exhibit D** | Defendant OASIS's Notice Of Appeal (10/15/08) |
| **Exhibit E** | Order Granting Motion For Judgment On The Pleadings By Count 1 Defendants (6/1/09) |
| **Exhibit F** | Second Amended Complaint (7/1/09) |
| **Exhibit G** | Order Denying Demurrer To First Cause Of Action And Motion To Strike Of Count One Defendants (10/8/08) |
| **Exhibit H** | Order Overruling Demurrer Of Ecocert France (SAS) And Ecocert, Inc., To First Amended Complaint (10/08/08) |
| **Exhibit I** | Order Deferring Respondent's Motion To Dismiss Filed On 10/22/08; Request For Trial Court To Clarify Order (11/17/08) |
| **Exhibit J** | Amended Order Denying Defendant OASIS' Special Motion To Strike (11/20/08) |
| **Exhibit K** | Order Overruling Certain Count One Defendants' Preemption Related Demurrer (1/28/09) |
| **Exhibit L** | Defendant OASIS'S Motion To Strike OASIS From The Second Amended Complaint (7/28/09) |