1  James R. Wheaton (SBN 115230)
   David A. Greene (SBN 160107)
2  FIRST AMENDMENT PROJECT
   1736 Franklin St., 9th Floor
3  Oakland, CA 94612
   Tel: (510) 208-7744
4  Fax: (510) 208-4562

5  Attorneys for Defendant
   Organic and Sustainable Industry Standards, Inc.
6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              SAN FRANCISCO COUNTY

10

11  ALL ONE GOD FAITH, INC., d/b/a DR.          )  Case No. CGC-08-474701
    BRONNER'S MAGIC SOAPS, a California         )
12  corporation,                                )
                                                )  DEFENDANT ORGANIC AND
13              Plaintiff,                       )  SUSTAINABLE INDUSTRY
                                                )  STANDARDS, INC. (OASIS)'S NOTICE
14       v.                                      )  OF MOTION AND MOTION TO
                                                )  STRIKE OASIS FROM THE SECOND
15  THE HAIN CELESTIAL GROUP, INC., a           )  AMENDED COMPLAINT;
    Delaware corporation; KISS MY FACE          )  MEMORANDUM OF POINTS AND
16  CORPORATION, a New York corporation;        )  AUTHORITIES IN SUPPORT
    LEVLAD, LLC, a California limited liability  )  THEREOF
17  company; YSL BEAUTE, INC., a New York       )
    corporation; GIOVANNI COSMETICS, INC.,      )  [C.C.P. §§ 416(a), 435-37]
18  a California corporation; COSWAY            )
    COMPANY, INC., a California corporation;     )  Date: To be determined
19  COUNTRY LIFE, LLC, a New York limited        )  Time: To be determined
    liability company; ORGANIC AND              )  Judge: Hon. John E. Munter
20  SUSTAINABLE INDUSTRY STANDARDS,             )  Dept. 305
    INC. (OASIS), a Nevada corporation;         )
21  ECOCERT FRANCE (SAS), a French              )
    corporation; and ECOCERT, INC., a Delaware  )
22  corporation,                                )
                                                )
23              Defendants.                      )
                                                )
24                                               )
                                                )

25

26

27

28  DEFENDANT OASIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OASIS FROM
    SECOND AMENDED COMPLAINT

1    **NOTICE OF MOTION AND MOTION TO STRIKE**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3         YOU ARE HEREBY NOTIFIED THAT on a date and time to be determined by the

4    Court, in Department 305 of the Superior Court of California, County of San Francisco, before

5    the Hon. John E. Munter, Defendant ORGANIC AND SUSTAINABLE INDUSTRY

6    STANDARDS, INC. (OASIS) will appear specially, without conceding personal or subject

7    matter jurisdiction, to move this court for an order striking OASIS from the second cause of

8    action and prayer for relief in the Second Amended Complaint, pursuant to Code of Civil

9    Procedure section 435.

10        The motion to strike will be based upon this Notice and the attached Memorandum of

11   Points and Authorities, the First And Second Amended Complaints, the Notices of Appeal and

12   Cross-Appeals, and OASIS's Special Motion to Strike all previously filed with this Court, and

13   any other pleadings, papers, evidence, and written or oral arguments that the parties may submit.

14

15   DATED: July 29, 2009          By:

16

17                    David Greene

18                    FIRST AMENDMENT PROJECT

19                    Attorneys for Defendant OASIS

20

21

22

23

24

25

26

27

28   DEFENDANT OASIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OASIS FROM
     SECOND AMENDED COMPLAINT

1

**TABLE OF CONTENTS**

2

3    SPECIAL APPEARANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5    FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

6    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7    I.    A COMPLAINT CANNOT BE AMENDED WHILE AN ANTI-SLAPP MOTION IS
         PENDING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8
     II.   A COMPLAINT CANNOT BE AMENDED WHILE THE APPEAL OF THE DENIAL
9          OF AN ANTI-SLAPP MOTION IS PENDING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10
     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **DEFENDANT OASIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OASIS FROM SECOND AMENDED COMPLAINT**

1        **TABLE OF AUTHORITIES**

2    **STATE CASES**

3    *Betz v. Pankow,*
        16 Cal.App.4th 931 (1993) ................................................ 1, 6
4    *City of Santa Monica v. Stewart,*
        126 Cal.App.4th 43 (2005) ................................................ 7
5    *Karp v. Dunn,*
        229 Cal.App.2d 192 (1964) ................................................ 6
6    *Mattel, Inc. V. Luce, Forward, Hamilton & Scripps,*
        99 Cal.App.4th 1179 (2002) ................................................ 7
7    *Navellier v. Sletten,*
        106 Cal.App.4th 763 (2003) ................................................ 5, 7
8    *Novartis Vaccines & Diagnostics v. Stop Huntingdon Animal Cruelty USA, Inc.,*
        143 Cal.App.4th 1284 (2006) ................................................ 7
9    *Olson v. Superior Court of Sacramento County*
        274 Cal.App.2d 311 (1969) ................................................ 6
10   *Roberts v. Los Angeles County Bar Association,*
        105 Cal.App.4th 604 (2003) ................................................ 7, 8
11   *Salma v. Capon,*
        161 Cal.App.4th 1275 (2008) ................................................ 5
12   *Schaffer v. City and County of San Francisco,*
        168 Cal.App.4th 992 (2008) ................................................ 6
13   *Simmons v. Allstate Insurance, Co.,*
        92 Cal.App.4th 1068 (2001) ................................................ 5, 6, 7
14   *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.,*
        122 Cal.App.4th 1049 (2004) ................................................ 5, 6
15   *Traditional Cat Association v. Gilbreath,*
        118 Cal.App.4th 392 (2004) ................................................ 7
16   *Varian Medical Systems, Inc. v. Delfino,*
        35 Cal.4th 180, 191, 193-96 (2005) ................................................ 6

17
     **FEDERAL STATUTE**
18       15 U.S.C. § 43(a)(1)(B) ................................................ 4

19   **CALIFORNIA STATUTE**
     Business & Professions Code § 17200 ................................................ 1
20   Code of Civil Procedure § 425.16 ................................................ passim
     Code of Civil Procedure § 916(a) ................................................ passim
21
22
23
24
25
26
27
28   DEFENDANT OASIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OASIS FROM SECOND AMENDED COMPLAINT
        -iii-

1

## SPECIAL APPEARANCE

2    Organic And Sustainable Industry Standards, Inc. (OASIS) hereby specially appears

3  before this Court to move to strike OASIS from the Second Cause of Action and Prayer for

4  Relief in the Second Amended Complaint, filed by plaintiff All One God Faith, Inc. ("plaintiff").

5    OASIS and plaintiff are presently parties to an appeal and cross-appeal pending before the

6  California Court of Appeal addressing the merits of the First Amended Complaint. All One God

7  Faith , Inc. v. Organic And Sustainable Industry Standards, Inc., California Court of Appeal case

8  no. A123009.

9    As a result, OASIS maintains that this Court does not have jurisdiction over OASIS in

10  regards to the matters the subject of, embraced within, or affected by the appeal. Code of Civ.

11  Proc. § 916(a); Betz v. Pankow, 16 Cal. App. 4th 931, 938 (1993). These matters include all

12  issues regarding plaintiff's filing of a Second Amended Complaint in this action.

13    Concurrent with this filing, OASIS has moved the Court of Appeal for a Writ of Mandate

14  to direct this Court to strike OASIS from the second cause of action and prayer for relief in the

15  Second Amended Complaint. OASIS is filing the present motion with this Court as a protective

16  measure only.

17    OASIS thus appears specially only for the purpose of moving this court to strike it from

18  the cause of action and prayer in the Second Amended Complaint. OASIS does not concede that

19  this Court has jurisdiction over it for any other purpose.

20

21

22

23

24

25

26

27

28  DEFENDANT OASIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OASIS FROM
SECOND AMENDED COMPLAINT

-1-

1                              **INTRODUCTION**

2         Since October 15, 2008, when defendant Organic And Sustainable Industry Standards,

3 Inc. (OASIS) filed a Notice of Appeal of this Court's denial of its anti-SLAPP motion, a stay of

4 the proceedings between OASIS and plaintiff All One God Faith, Inc. has been in effect and this

5 Court has lacked jurisdiction over the matters the subject of, embraced within, or affected by the

6 appeal. Nevertheless, on July 1, 2009, plaintiff included OASIS in its Second Cause of Action

7 and Prayer for Relief in its Second Amended Complaint, substituting a new legal theory of

8 recovery for the one currently part of the pending appeal.

9         Plaintiff's inclusion of OASIS in the Second Amended Complaint is improper for two

10 independent reasons. First, the filing of an anti-SLAPP motion freezes the pleadings; a complaint

11 may not be amended while an anti-SLAPP motion is pending, and never if the anti-SLAPP

12 motion is granted. Second, all substantive proceedings between the parties in the trial court are

13 stayed during the pendency of the appeal pursuant to Code of Civil Procedure section 916(a).

14         This Court must grant this motion and strike OASIS from the second cause of action and

15 prayer for relief in the Second Amended Complaint.

16

17

18

19

20

21

22

23

24

25

26

27

28  **DEFENDANT OASIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OASIS FROM SECOND AMENDED COMPLAINT**

1

## FACTUAL AND PROCEDURAL BACKGROUND

2    Plaintiff All One God Faith, Inc., filed suit in San Francisco Superior Court alleging

3 violations of California Business & Professions Code section 17200 on April 28, 2008, and

4 followed with a First Amended Complaint on August 6, 2008. The Complaint included three

5 claims. The first and second causes of action were against nine of Plaintiff's competitors, that is,

6 other sellers of personal care products. The third cause of action was against OASIS and Ecocert

7 only. These entities do not manufacture or sell competing products, but rather is developing (in

8 OASIS's case), or has implemented (in Ecocert's case), standards for the use of the term "OASIS

9 Organic" and "organic," respectively, with respect to personal care products manufactured and

10 sold by others.

11    All of the claims were pled under California Business & Professions Code section 17200

12 et seq. For each claim, Plaintiff contended that the competitor defendants planned to use the term

13 "organic" and that the OASIS and Ecocert planned to permit the use of their "organic" standards

14 in a manner that would deceive consumers of personal care products.

15    On August 26, 2008, OASIS filed a Special Motion to Strike the cause of action against

16 it. This Court denied the special motion to strike on October 8, 2008. OASIS filed its Notice of

17 Appeal of the denial of the special motion to strike pursuant to Code of Civil Procedure section

18 425.16(i) on October 15, 2008. Plaintiff filed its Notice of Cross-Appeal on November 25, 2008.

19 OASIS filed its opening brief on April 17, 2009. Plaintiff filed its opening/opposition brief July

20 24, 2009.

21    Once the Notice of Appeal was filed, all proceedings in this Court against OASIS were

22 stayed pursuant to Code of Civil Procedure section 916(a). This Court has not required OASIS to

23 attend case management conferences or to participate in any other court procedure.[1]

24    While the appeal has been pending the other defendants to the action, none of whom had

25

26    [1]The only exception was when the Court of Appeal directed this Court to clarify the basis
27 for its Order denying OASIS's special motion to strike.

28 DEFENDANT OASIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OASIS FROM
SECOND AMENDED COMPLAINT

-3-

1   filed a special motion to strike, have continued to litigate the claims against them. On June 1,

2   2009, this Court granted those defendants' motions for judgment on the pleadings, and granted

3   Plaintiff thirty days to amend the complaint against those parties. OASIS was not party to the

4   motions for judgment on the pleadings. This Court did not grant OASIS any relief and was silent

5   on whether it authorized Plaintiff to amend the complaint as against OASIS.

6       On July 1, 2009, Plaintiff filed its Second Amended Complaint. The Second Amended

7   Complaint abandoned the § 17200 causes of action and instead pled false advertising claims

8   solely under the federal Lanham Act, 15 U.S.C. § 43(a)(1)(B). The Second Amended Complaint

9   includes OASIS among the defendants in the second cause of action, and seeks relief against

10  OASIS in the Prayer for Relief. The factual allegations supporting the new claim against OASIS

11  are essentially identical to those pled in the First Amended Complaint.

12      OASIS has filed in the Court of Appeal a petition for a writ of mandate directing this

13  Court to strike OASIS from the Second Amended Complaint. The petition explains that although

14  the other defendants were properly included in the Second Amended Complaint, the Complaint

15  cannot be amended as against OASIS until the appeal of the court's denial of OASIS's anti-

16  SLAPP motion is completed, and even then only if the anti-SLAPP motion is ultimately denied.

17      OASIS seeks this relief from the Court of Appeal because, given the pending appeal, this

18  Court does not have jurisdiction over OASIS, or over Plaintiff vis-a-vis its claims against

19  OASIS. Rather, jurisdiction over this matter lies exclusively with the Court of Appeal.

20      However, OASIS has filed this motion to strike as a protective measure to comply with

21  applicable statutory deadlines, and in the event that the Court of Appeal prefers this Court to

22  decide the issues first.

23

24

25

26

27

28  **DEFENDANT OASIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OASIS FROM SECOND AMENDED COMPLAINT**

-4-

1       **ARGUMENT**

2       The Second Cause of Action against OASIS must be struck from the Second Amended

3   Complaint for two independent reasons. First, a complaint may not be amended once a special

4   motion to strike has been filed. Second, a complaint may not be amended while an appeal

5   considering matters within the complaint is pending.

6   **I.      A COMPLAINT CANNOT BE AMENDED WHILE AN ANTI-SLAPP MOTION
            IS PENDING**

7
        The filing of a special motion to strike locks the plaintiff into the version of the
8
    Complaint that is on file at that time. Once an anti-SLAPP motion has been filed, the plaintiff
9
    may not substitute the Complaint that is subject to that motion with a different one. Sylmar Air
10
    Conditioning v. Pueblo Contracting Serv., Inc., 122 Cal. App. 4th 1049, 1055-56 (2004). An
11
    amended complaint filed after a special motion to strike has been brought against an earlier
12
    version of the complaint is subject to "automatic dismissal." Salma v. Capon, 161 Cal. App. 4th
13
    1275, 1294 (2008).
14
        This prohibition on amendments to the complaint while the anti-SLAPP motion is
15
    pending is consistent with the rule that bars amendments once a special motion to strike has been
16
    granted. See Navellier v. Sletten, 106 Cal. App. 4th 763, 772-73 (2003); Simmons v. Allstate Ins.
17
    Co., 92 Cal. App. 4th 1068, 1073 (2001). To allow such amendments in either circumstance
18
    "would undermine the legislative policy of early evaluation and expeditious resolution of claims
19
    arising from protected activity" embodied in the anti-SLAPP statute. Salma, 161 Cal. App. 4th at
20
    1294 (applying the reasoning of Simmons). As the Simmons court explained:
21
            Instead of having to show a probability of success on the merits, the SLAPP
22          plaintiff would be able to go back to the drawing board with a second opportunity
            to disguise the vexatious nature of the suit through more artful pleadings. This
23          would trigger a second round of pleadings, a fresh motion to strike, and inevitably
            another request for leave to amend. [¶] By the time the moving party would be
24          able to dig out of this procedural quagmire, the SLAPP plaintiff will have
            succeeded in his goal of delay and distraction and running up the costs of his
25          opponent. Such a plaintiff would accomplish indirectly what could not be
            accomplished directly, i.e., depleting the defendant's energy and draining his or he
26          resources. This would totally frustrate the Legislature's objective of providing a
            quick and inexpensive method of unmasking and dismissing such suits.
27

28  DEFENDANT OASIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OASIS FROM
    SECOND AMENDED COMPLAINT
                                              -5-

1  Simmons, 92 Cal. App. 4th at 1073-74.

2      This rule has been applied to bar the addition of federal law claims to existing state law
3  causes of action. In Shaffer v. City and County of San Francisco, 168 Cal. App. 4th 992, 1005
4  (2008), the plaintiff filed a state law civil rights action against several defendants. After the
5  defendants filed both demurrers and a special motion to strike, the plaintiff sought leave to
6  amend the complaint to add a federal law civil rights claim. Id. at 996-97. The court, relying on
7  Simmons and Sylmar, denied leave to amend. Id. at 1005.
8      The inclusion of a cause of action against OASIS in the Second Amended Complaint
9  while the special motion to strike is pending is thus improper. The cause of action against OASIS
10  must thus be struck.
11  **II.   A COMPLAINT CANNOT BE AMENDED WHILE THE APPEAL OF THE
12       DENIAL OF AN ANTI-SLAPP MOTION IS PENDING**

13      An appeal of the denial of an anti-SLAPP motion triggers an automatic stay of the trial
14  court proceedings pursuant to Code of Civil Procedure section 916(a). Varian Medical Systems,
15  Inc. v. Delfino, 35 Cal. 4th 180, 193-96 (2005). This stay bars any amendment to the cause(s) of
16  action attacked by the anti-SLAPP motion.

17      Section 916(a) provides that "the perfecting of an appeal stays proceedings in the trial
18  court upon the judgment or order appealed from or upon the matters embraced therein or affected
19  thereby, including enforcement of the judgment or order, but the trial court may proceed upon
20  any other matter embraced in the action and not affected by the judgment or order." Cal Code
21  Civ. Proc. § 916(a). Generally, a section 916 stay divests the trial court of jurisdiction over all but
22  the "ancillary or collateral matters." Varian, 35 Cal. 4th at 191; Betz v. Pankow, 16 Cal. App. 4th
23  931, 938 (1993). Thus a trial court lacks jurisdiction to permit an amendment to a complaint
24  when an appeal considering the merits of that very complaint is pending. Olson v. Superior
25  Court, 274 Cal. App. 2d 311, 314 (1969) (appeal of motion for judgment on the pleadings); Karp
26  v. Dunn, 229 Cal. App. 2d 192, 194 (1964) (appeal from demurrer).

28  DEFENDANT OASIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OASIS FROM
SECOND AMENDED COMPLAINT
-6-

1    A decision on a special motion to strike is a decision on the merits. Traditional Cat Ass'n,
2  Inc. v. Gilbreath, 118 Cal. App. 4th 392, 398 (2004).[2] Thus an appeal of the denial of a special
3  motion to strike will effect a section 916(a) stay of all proceedings that bear on the merits of the
4  cause of action being challenged. City of Santa Monica v. Stewart, 126 Cal. App. 4th 43, 80-91
5  (2005); Mattel, Inc. v. Luce, Forward, Hamilton & Scripps, 99 Cal. App. 4th 1179, 1189-90
6  (2002).

7    As the Supreme Court has explained, the reversal of a trial court's decision denying a
8  special motion to strike may lead to a dismissal of the cause of action on its merits. Varian, 35
9  Cal. 4th at 193. All proceedings on the cause of action subject to the special motion to strike,
10  aside from those that are merely ancillary or collateral, are thus stayed in the trial court. Id. The
11  stay is necessary to eliminate the risk that the trial court will act in a manner that will be
12  inconsistent with the Court of Appeal's decision on the appeal. Id.

13    This prospect of inconsistent decisions is present when the plaintiff seeks to amend a
14  cause of action when the appeal of the denial of a special motion to strike that very cause of
15  action is pending. Should the appellate court reverse, and the special motion to strike ultimately
16  be granted, the plaintiff will not be granted leave to amend the cause of action. Navellier, 106
17  Cal. App. 4th at 772-73; Simmons, 92 Cal. App. 4th at 1073-74. This result is plainly
18  inconsistent with any action by the trial court that would permit the cause of action to be
19  amended while the appeal is pending.

20    An appeal of a decision on anti-SLAPP motion thus stays a plaintiff's ability to amend
21  the cause of action that is subject to the special motion to strike. See Roberts v. Los Angeles
22  County Bar Ass'n, 105 Cal. App. 4th 604, 612-13 (2003).

23    In Roberts, as in the present case, the trial court denied the defendant's anti-SLAPP

24

25    [2]In contrast, an order granting a preliminary injunction is not considered a decision on the
26  merits. Novartis Vaccines & Diagnostics, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.,
    143 Cal. App. 4th 1284, 1302 (2006) (contrasting a decision on a preliminary injunction with one
27  on a special motion to strike).

28  **DEFENDANT OASIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OASIS FROM SECOND AMENDED COMPLAINT**

-7-

1  motion on the basis that the defendant had not proven that the anti-SLAPP statute applied to the

2  challenged causes of action. Id. at 612. The trial court, however, granted defendant's demurrer on

3  the same causes of action with leave to amend. Id. The plaintiff then filed an amended complaint.

4  The defendant filed its notice of appeal of the denial of the anti-SLAPP motion more than two

5  weeks later. Id. The Court of Appeal found that the amendment was improper and that the

6  version of the complaint that was on file at the time the special motion to strike was filed was the

7  operative complaint. Id. at 612-13. "An implied stay in the proceedings where the plaintiff files

8  an amended complaint is necessary to so that a plaintiff cannot deprive a defendant of the right to

9  the appellate review granted by the legislature so that the appellate court can determine if the

10  defendant made a prima facie showing. . . . [¶] There would be little benefit in a right to appeal if

11  the plaintiff could get around appellate review by filing an amended pleading." Id. at 613.

12        Thus the Complaint that was operative at the time of the filing of the special motion to

13  strike, the First Amended Complaint, remains the operative pleading during the pendency of the

14  appeal on the denial of the special motion. Id.

15        The inclusion of OASIS as a defendant in the second cause of action and prayer for relief

16  in the Second Amended Complaint was thus improper pursuant to Code of Civil Procedure

17  section 916(a).

18                                          **CONCLUSION**

19        For the foregoing reasons, this Court must strike OASIS from the Second Amended

20  Complaint.

21

22  DATED: July 27, 2009        By:

23                                          David Greene

24                                          FIRST AMENDMENT PROJECT

25                                          Attorneys for Defendant, OASIS

26

27

28  DEFENDANT OASIS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE OASIS FROM
    SECOND AMENDED COMPLAINT
                                          -8-

1  James R. Wheaton (SBN 115230)
   David A. Greene (SBN 160107)
2  FIRST AMENDMENT PROJECT
   1736 Franklin St., 9th Floor
3  Oakland, CA 94612
   Tel: (510) 208-7744
4  Fax: (510) 208-4562

5  Attorneys for Defendant
   Organic and Sustainable Industry Standards, Inc.
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      SAN FRANCISCO COUNTY

10

11  ALL ONE GOD FAITH, INC., d/b/a DR.          ) Case No. CGC-08-474701
    BRONNER'S MAGIC SOAPS, a California          )
12  corporation,                                 )
                                                 ) [PROPOSED] ORDER GRANTING
13              Plaintiff,                        ) DEFENDANT ORGANIC AND
                                                 ) SUSTAINABLE INDUSTRY
14      v.                                        ) STANDARDS, INC. (OASIS)'S
                                                 ) MOTION TO STRIKE OASIS FROM
15  THE HAIN CELESTIAL GROUP, INC., a            ) THE SECOND AMENDED
    Delaware corporation; KISS MY FACE          ) COMPLAINT
16  CORPORATION, a New York corporation;         )
    LEVLAD, LLC, a California limited liability   ) [C.C.P. §§ 416(a), 435-37]
17  company; YSL BEAUTE, INC., a New York        )
    corporation; GIOVANNI COSMETICS, INC.,       ) Date: To be decided
18  a California corporation; COSWAY             ) Time: To be decided
    COMPANY, INC., a California corporation;     ) Judge: Hon. John E. Munter
19  COUNTRY LIFE, LLC, a New York limited        ) Dept. 305
    liability company; ORGANIC AND               )
20  SUSTAINABLE INDUSTRY STANDARDS,              )
    INC. (OASIS), a Nevada corporation;          )
21  ECOCERT FRANCE (SAS), a French               )
    corporation; and ECOCERT, INC., a Delaware   )
22  corporation,                                 )
                                                 )
23              Defendants.                       )
                                                 )
24                                               )

25

26

27

28  [PROPOSED] ORDER GRANTING DEFENDANT ORGANIC AND SUSTAINABLE INDUSTRY STANDARDS, INC. (OASIS)'S
    MOTION TO STRIKE OASIS FROM THE SECOND AMENDED COMPLAINT

1                                 **[PROPOSED] ORDER**

2         Defendant OASIS's motion to strike OASIS from the second cause of action and prayer for

3 relief in the Second Amended Complaint is hereby GRANTED. The First Amended Complaint

4 remains the operative complaint against OASIS. The cause of action against OASIS shall not be

5 amended while the appeal between OASIS and plaintiff, Court of Appeal case no. A123009, is

6 pending, and then only if OASIS's Special Motion to Strike, which is the subject of that appeal, is

7 fully and finally adjudicated, and denied.

8

9

10 Dated: _____                 _____

11                               Honorable John E. Munter

12                               Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [PROPOSED] ORDER GRANTING DEFENDANT ORGANIC AND SUSTAINABLE INDUSTRY STANDARDS, INC. (OASIS)'S MOTION TO STRIKE OASIS FROM THE SECOND AMENDED COMPLAINT

1   James R. Wheaton (SBN 115230)
    David A. Greene (SBN 160107)
2   FIRST AMENDMENT PROJECT
    1736 Franklin Street, 9th Floor
3   Oakland, CA 94612
    510-208-7744
4   510-208-4562 (fax)

5   Attorneys for Defendant
    Organic and Sustainable Industry Standards, Inc.
6

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUL 28 2009

GORDON PARK-LI, Clerk
BY: ROSSALY DE LA VEGA
                        Deputy Clerk

7
            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                    FOR THE COUNTY OF SAN FRANCISCO
9

10  ALL ONE GOD FAITH, INC., d/b/a DR.          Case No. CGC-08-474701
    BRONNER'S MAGIC SOAPS, a California
11  corporation,

12          Plaintiff,                          PROOF OF SERVICE

13      v.

14  THE HAIN CELESTIAL GROUP, INC., a           Date: To be decided
    Delaware corporation; KISS MY FACE          Time: To be decided
15  CORPORATION, a New York corporation;        Judge: Hon. John E. Munter
    LEVLAD, LLC, a California limited liability  Dept. 305
16  company; YSL BEAUTE, INC., a New York
    corporation; GIOVANNI COSMETICS, INC., a
17  California corporation; COSWAY COMPANY,
    INC., a California corporation; COUNTRY LIFE,
18  LLC, a New York limited liability company;
    ORGANIC AND SUSTAINABLE INDUSTRY
19  STANDARDS, INC. (OASIS), a Nevada
    corporation; ECOCERT FRANCE (SAS), a
20  French corporation; and ECOCERT, INC., a
    Delaware corporation,
21
            Defendants.
22

23

24

25

26

27

28

                              -1-
                        PROOF OF SERVICE

1    **PROOF OF SERVICE**

2    I, Nicole Feliciano, hereby declare:

3    I am over the age of 18 years and am not a party to this action. I am employed in the

4    county of Alameda. My business address is First Amendment Project, 1736 Franklin Street,

5    Ninth Floor, Oakland, CA 94612.

6    On July 28, 2009 I caused to be served the attached:

7    **DEFENDANT ORGANIC AND SUSTAINABLE INDUSTRY STANDARDS, INC.
     (OASIS)'S NOTICE OF MOTION AND MOTION TO STRIKE OASIS FROM**
8    **THE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
     AUTHORITIES IN SUPPORT THEREOF**

9
     **[PROPOSED] ORDER GRANTING DEFENDANT ORGANIC AND
10   SUSTAINABLE INDUSTRY STANDARDS, INC. (OASIS)'S MOTION TO
     STRIKE OASIS FROM THE SECOND AMENDED COMPLAINT**

11
     **PROOF OF SERVICE**
12
     ___XX___ BY **E-MAIL** by transmitting via e-mail the documents(s) listed above to the e-mail
13
     address(es) set forth on the Service List below on this date before 5:00pm.
14

15
     I declare under penalty of perjury, under the laws of the State of California, that the
16
     foregoing is true and correct, and that this Declaration was executed at Oakland, California on
17
     July 28, 2009.
18

19

20
                                        Nicole Feliciano
21                                      DECLARANT

22

23

24

25

26

27

28

-2-
PROOF OF SERVICE

1 | **Service List**

| | |
|---|---|
| John L. Cooper<br>Farella Braun & Martel LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>jcooper@fbm.com<br>Tel: (415)954-4400<br>Fax: (415)954-4480 | Attorneys for All One God Faith Inc., d/b/a/<br>Dr. Bronner's Magic Soaps |
| Thomas H. Clark, Jr.<br>Timothy A. Dolan<br>Ropers, Majeski, Kohn & Bentley<br>201 Spear Street, Suite 1000<br>San Francisco, Ca 94105<br>tclarke@ropers.com<br>tdolan@ropers.com<br>Tel: (415) 543-4800<br>Fax: (415)972-6301 | Attorneys for Ecocert, Inc. And Ecocert<br>France SAS |
| William J. Friedman<br>Law Offices of William J. Friedman<br>107 S. West Street<br>Alexandria, VA 22314<br>pedlarfarm@gmail.com | Attorney for The Hain Celestial Group, Inc.,<br>Kiss My Face Corporation and Levlad, Inc. |
| Meg Wilkinson<br>Covington & Burling LLP<br>One Front Street<br>San Francisco, CA 94111-5356<br>mwilkinson@cov.com<br>Tel: (415)591-6000<br>Fax: (415)591-6091 | Attorneys for The Hain Celestial Group,<br>Inc., Kiss My Face Corporation and Levlad,<br>Inc. |
| Kathleen D. Patterson<br>Rocky C. Tsai<br>Orrick, Herrington & Sutcliffe LLP<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>kpatterson@orrick.com<br>rtsai@orrick.com<br>Tel: (415)773-5700<br>Fax: (415)773-5759 | Attorneys for Estee Lauder, Inc. |
| Angela Diesch<br>Greenberg Traurig LLP<br>1201 K. Street, Suite 1100<br>Sacramento, CA 95814-3938<br>diescha@gtlaw.com<br>Tel: (916)442-1111<br>Fax: (916)448-1709 | Attorneys for YSL Beaute, Inc. |

| | |
|---|---|
| Rhonda Klick, Esq.<br>Westrup Klick LLP<br>444 West Ocean Blvd., Suite 1614<br>Long Beach, CA 90802-4524<br>rklick@wkalaw.com<br>Tel: (562)432-2551<br>Fax: (562)435-4856 | Attorneys for Cosway Company, Inc. |
| Stephen T. Holzer<br>Lewitt, Hackman, Shapiro, Marshall &<br>Harlan LLP<br>16633 Ventura Boulevard, 11th Floor<br>Encino, CA 91436-1865<br>sholzer@lewitthackman.com<br>Tel: (818)907-3285<br>Fax: (818)981-4764 | Attorneys for Giovanni Cosmetics, Inc. |
| Benjamin K. Riley<br>Howrey LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105-2708<br>rileyb@howrey.com<br>Tel: (415)848-4950<br>Fax: (415)848-4999 | Attorneys for Country Life, LLC |
| Joseph E. Sandler, ESQ<br>SANDLER, REIFF, & YOUNG, P.C.<br>300 M Street, S.E., Suite 1102<br>Washington, DC 20003<br>sandler@sandlerreiff.com<br>Tel: (202) 479-1111<br>Fax: (202) 479-1115 | |
| | |

-4-
PROOF OF SERVICE