1 | John L. Cooper (State Bar No. 050324)
       jcooper@fbm.com
2 | Morgan T. Jackson (State Bar No. 250910)
       mjackson@fbm.com
3 | Farella Braun + Martel LLP
     235 Montgomery Street, 17th Floor
4 | San Francisco, CA  94104
     Telephone:  (415) 954-4400
5 | Facsimile:  (415) 954-4480

6 | Joseph E. Sandler *(Pro Hac Vice)*
       sandler@sandlerreiff.com
7 | Sandler, Reiff & Young, P.C.
     300 M Street, S.E., Suite 1102
8 | Washington, D.C.  20003
     Telephone:  (202) 479-1111
9 | Facsimile:  (202) 479-1115

10 | Attorneys for Plaintiff
      ALL ONE GOD FAITH, INC., d/b/a
11 | DR. BRONNER'S MAGIC SOAPS, a California
      corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALL ONE GOD FAITH, INC., d/b/a DR. BRONNER'S MAGIC SOAPS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE HAIN CELESTIAL GROUP, INC., a Delaware corporation, *et al.*,<br><br>Defendants. | Case No. CV-09-3517 JF<br><br>**NOTICE OF MOTION AND MOTION TO LIFT STAY AND PROCEED PURSUANT TO DISCOVERY PLAN**<br><br>Honorable Jeremy Fogel<br><br>Date:        September 9, 2011<br>Time:        9:00 a.m.<br>Trial Date: None set |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND
PROPOSED DISCOVERY PLAN
NO. CV-09-3517 JF

23183\2697853.2

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 9, 2011, at 9:00 a.m. in the courtroom of the Honorable Jeremy Fogel, or at such date and time as the Court may otherwise direct, Plaintiff All One God Faith, Inc., d/b/a Dr. Bronner's Magic Soaps ("Dr. Bronner's") will, and hereby does, move the Court for an order partially lifting the stay of the instant action ordered by the Court on May 24, 2010 (Docket No. 118) to permit the parties to engage in limited discovery to proceed in accordance with the discovery plan proposed herein.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the other papers on file in this action, and such other submission or argument that may be presented before or at the hearing on this motion.

**STATEMENT OF ISSUE TO BE DECIDED**

1) Whether this Court should partially lift the stay of this action, which was based on the primary jurisdiction doctrine, in order to permit the parties to engage in limited discovery, in view of the United States Department of Agriculture's National Organic Program's failure, since the stay was entered in May 2010, to take any action towards regulation of use of the term "organic" in the labeling and marketing of personal care products, or to take any action on Dr. Bronner's Administrative Complaint filed January 14, 2010?

2) Whether discovery should proceed pursuant to the plan set forth below?

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND
PROPOSED DISCOVERY PLAN
NO. CV-09-3517 JF

23183\2697853.2

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | PROCEDURAL BACKGROUND | 1 |
| II. | CURRENT CASE POSTURE | 2 |
| III. | ARGUMENT | 3 |
| | A. This Court Should Lift The Stay Because The USDA Has Demonstrated That It Will Not Act In The Foreseeable Future | 3 |
| | B. The Parties Should Be Permitted To Engage In Limited Discovery | 5 |
| |    1. Proposed Discovery From Manufacturer Defendants | 6 |
| |    2. Proposed Discovery From Ecocert | 8 |
| IV. | CONCLUSION | 9 |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND
PROPOSED DISCOVERY PLAN
NO. CV-09-3517 JF

i

23183\2697853.2

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Brown v. MCI Worldcom Network Servs., Inc.*,
  277 F.3d 1166 (9th Cir. 2002) .................................................................................................. 3

*Coyle v. Hornell Brewing Co.*,
  2010 WL. 2539386, Civ. No. 08-02797 (D.N.J., June 15, 2010) ............................................. 4

*Davel Comm. v. Qwest Corp.*,
  460 F.3d 1075 (9th Cir. 2006) .................................................................................................. 5

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*,
  498 F.3d 1059 (9th Cir. 2007) .................................................................................................. 4

*Golden Hill Pauqussett Tribe of Indians v. Weicker*,
  39 F.3d 51 (2d Cir. 1994) ......................................................................................................... 4

*Levya v. Certified Grocers of Cal., Ltd*,
  593 F.2d 857 (9th Cir.), *cert. denied*, 444 U.S. 827 (1979) ..................................................... 4

*PAC-West Telecomm, Inc. v. MCI Communications Servs., Inc.*,
  2011 WL. 1087195 (C.D. Cal., March 23, 2011) ..................................................................... 4

*Reiter v. Cooper*,
  507 U.S. 258 (1993) .................................................................................................................. 3

*United States v. General Dynamics Corp.*,
  828 F.2d 1356 (9th Cir. 1987) .................................................................................................. 3

## FEDERAL STATUTES

Federal Rule of Civil Procedure 12(b)(6) ....................................................................................... 1

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND
PROPOSED DISCOVERY PLAN
NO. CV-09-3517 JF

ii

23183\2697853.2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL BACKGROUND[1]

On January 13, 2010, Plaintiff All One God Faith, Inc., doing business as Dr. Bronner's Magic Soaps ("Dr. Bronner's"), filed its third amended complaint ("TAC") alleging violations of Section 43(a) of the Lanham Act. The TAC named Defendants Hain Celestial Group, Inc., Kiss My Face Corporation, Levlad LLC, Giovanni Cosmetics, Inc., Country Life, LLC, Cosway Company, Inc., (Hain, Kiss My Face, Levlad, Giovanni, Cosway, and Country Life are hereinafter collectively referred to as the "Manufacturer Defendants") and Ecocert France (SAS) and Ecocert, Inc. (hereinafter "Ecocert"). On January 14, 2010, Dr. Bronner's filed an administrative complaint with the United States Department of Agriculture (USDA) alleging that Defendants' products are labeled in violation of the regulations issued under USDA's National Organic Program ("NOP"). *See* 5/24/10 Order Granting YSL's Motion to Dismiss and Staying Action As To All Remaining Defendants, Docket No. 118, at 3:11-13 (the "Court's Order"). Various Defendants moved to dismiss the TAC under the primary jurisdiction doctrine and pursuant to Federal Rule of Civil Procedure 12(b)(6).

On May 24, 2010, the Court entered an Order finding that the primary jurisdiction doctrine applied, and more specifically, that because National Organic Standard Board ("NOSB") recommended that the USDA enforce the NOP standards against personal care products, and because Dr. Bronner's had an administrative complaint before the USDA, it would be inappropriate for this Court then to adjudicate Dr. Bronner's Lanham Act claim. *See* Court's Order at 11:6-11. The Court however declined to dismiss the action and instead stayed it as to the above-listed Defendants, reasoning that "without knowing how the USDA will proceed regarding the NOSB's recommendation and Plaintiff's administrative complaint, the Court cannot presume that there will be nothing left for it to decide." *Id.* at 12:1-5. Thus the Court granted a stay "pending further action by the USDA." *Id.*

Following an October 15, 2010 a case management conference, the Court concluded that

---

[1] The procedural history of this case is more fully set forth in the June 6, 2011 Joint Case Management Conference Statement (Docket No. 142).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND
PROPOSED DISCOVERY PLAN         1
NO. CV-09-3517 JF

23183\2697853.2

1  it was still not clear how the USDA would proceed and instructed the parties to draft a letter from
2  the Court to the USDA seeking information from the USDA and submit it to the Court.  On
3  February 2, 2011, the Court sent a letter to the senior official of NOP, Miles McEvoy, Deputy
4  Administrator of the Agricultural Marketing Service, USDA, inquiring "whether the USDA now
5  has additional information relevant to this case that the Court does not."  *See* Docket No. 137.  On
6  May 17, 2011, Mr. McEvoy responded to the Court stating simply that, after considerable
7  research, "we do not have any additional information relevant to this case beyond the documents
8  described in your letter."  *See* Docket No. 141.

9  On June 10, 2011, a case management conference was held in which the Court indicated
10 that the USDA did not appear to be taking any action and queried whether the parties could
11 proceed pursuant to a limited discovery plan.  The Court also stated that Defendants could file a
12 renewed motion to dismiss the complaint.  The Court set a hearing date of September 9th for
13 omnibus motions on whether the case should be dismissed or proceed pending any further USDA
14 action.  The parties stipulated to and the Court ordered a briefing schedule whereby on August 5,
15 2011, Dr. Bronner's would file a motion to lift the stay and a proposed discovery plan and
16 Defendants would file any motion to dismiss they wished to file, with mutual oppositions on
17 August 19 and replies on August 26.  *See* Stipulation and Order Regarding Schedule for Briefing
18 on Defendants' Renewed Motion to Dismiss and Plaintiff's Motion to Lift Stay and Proceed With
19 Discovery, Docket No. 148.  This Motion is filed pursuant to that Stipulation and Order.

20 **II.     CURRENT CASE POSTURE**

21 This case is currently stayed.  As stated by Dr. Bronner's in the June 6, 2011 Joint Case
22 Management Conference Statement, the USDA has taken no specific action whatsoever since the
23 Court's Order of May 2010, either towards promulgating any regulation of use of the term
24 "organic" in the labeling and marketing of personal care products, or on Dr. Bronner's
25 administrative complaint, which was filed some twenty months ago.  Since that Case
26 Management Conference, the USDA has taken no relevant action, which in light of the existing
27 stay in this action, has left Dr. Bronner's with no forum to seek a remedy for what it contends are
28 Defendants' misrepresentations to the market in violation of the Lanham Act that have caused

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND
PROPOSED DISCOVERY PLAN                2
NO. CV-09-3517 JF

23183\2697853.2

injury to and are continuing to cause injury to Dr. Bronner's.

## III. ARGUMENT

### A. This Court Should Lift The Stay Because The USDA Has Demonstrated That It Will Not Act In The Foreseeable Future

As stated above, in its Order of May 24, 2010, issued more than a year ago, the Court held that it should refer the issues in the case to USDA in the first instance under the doctrine of primary jurisdiction. *See* Court's Order at 10-11. The Court then held that the action should be stayed rather than dismissed:

> Defendants argue that dismissal is more appropriate than a stay because any questions remaining following the disposition of the administrative complaint should proceed under the review standards of the Administrative Procedure Act, not before this Court under the Lanham Act. However, without knowing how the USDA will proceed regarding the NOSB's recommendation and Plaintiff's administrative complaint, the court cannot presume that there will be nothing left for it to decide. Accordingly, the court will exercise its discretion to stay the case pending further action by the USDA.

Court's Order at 11:25-12:5.

It is now clear that USDA does not, in the foreseeable future, intend to take any action with respect to regulation of use of the term "Organic" in the labeling and marketing of personal care products or to take any action with respect to Dr. Bronner's administrative complaint. Therefore, this case should be allowed to proceed.

Although referral under the primary jurisdiction doctrine may be mandatory when the doctrine applies, *see, e.g., United States v. General Dynamics Corp.*, 828 F.2d 1356, 1360 (9th Cir. 1987), by its nature a stay entered to allow for agency action cannot be indefinite. "Primary jurisdiction 'requires the court to **enable** a 'referral' to the agency, staying further proceedings so as **to give the parties reasonable opportunity** to seek an administrative ruling.'" *Brown v. MCI Worldcom Network Servs., Inc.*, 277 F.3d 1166, 1173 (9th Cir. 2002) (emphasis added) (quoting *Reiter v. Cooper*, 507 U.S. 258, 268 (1993)). Such a "reasonable opportunity" by its nature must be of a finite duration.

For that reason, courts have commonly limited the duration of stays entered under the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND
PROPOSED DISCOVERY PLAN
NO. CV-09-3517 JF

3

23183\2697853.2

primary jurisdiction doctrine for periods of time, such as six months.[2] For example, in *Coyle v. Hornell Brewing Co.*, 2010 WL 2539386, Civ. No. 08-02797 (D.N.J., June 15, 2010), an action was brought under a state consumer fraud statute challenging the labeling as "100% Natural" of a beverage containing high fructose corn syrup. Invoking the primary jurisdiction doctrine, the Court stayed the action for six months to provide the Food and Drug Administration an opportunity to resolve the issue through an administrative determination. Plaintiff expressed concern that the FDA had not taken any "concrete steps" to resolve the issue. The Court noted that:

> It is for this reason that the Court is setting a time frame to **ensure Plaintiff's claim is resolved in a timely manner**. This six-month stay period can be enlarged for good cause shown. Likewise, the stay will be terminated and the Court will decide the issue if the FDA declines the Court's referral for an administrative determination.

2010 WL 2539386 at *5 n. 7 (emphasis added). Similarly, in *PAC-West Telecomm, Inc. v. MCI Communications Servs., Inc.*, the Court stayed the action pursuant to the primary jurisdiction doctrine for six months to allow the Federal Communications Commission to complete a rulemaking—for which it had already issued a notice—that would address the issue in dispute. 2011 WL 1087195, No. 1:10-cv-01051 (C.D. Cal., March 23, 2011); *see also Golden Hill Pauqussett Tribe of Indians v. Weicker*, 39 F.3d 51, 61 (2d Cir. 1994) (if agency did not rule on issue within 18 months, parties benefiting from the stay would have to "show why the stay should not then be dissolved.").

Here, more than sixteen months have passed since this Court's entry of the stay, with no action whatsoever by USDA/NOP on regulation of the labeling of personal care products as

---

[2] Limiting the duration of a stay to a reasonable period is consistent with the principles generally applicable to the granting of stays of a federal district court action pending the conclusion of other proceedings. A "'stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time.' . . . Generally stays should not be indefinite in nature." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (stay of court proceedings pending resolution of foreign arbitration and court proceedings) (quoting *Levya v. Certified Grocers of Cal., Ltd*, 593 F.2d 857, 864 (9th Cir.), *cert. denied*, 444 U.S. 827 (1979)).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND
PROPOSED DISCOVERY PLAN
NO. CV-09-3517 JF

4

23183\2697853.2

1  "organic," let alone a notice of rulemaking, and no action on Dr. Bronner's administrative
2  complaint.  USDA has manifestly failed to act "within a reasonable time."  USDA has been given
3  every reasonable opportunity to perform its "initial decisionmaking responsibility" with respect to
4  the regulatory issues raised by Dr. Bronner's claims.  It has not fulfilled that responsibility and –
5  despite an invitation from this Court – has given no indication that it intends to do so.  To the
6  contrary, the indications from the USDA are that no action should be expected in the foreseeable
7  future.

This Court indisputably has jurisdiction over Dr. Bronner's claim, *see Davel Comm. v. Qwest Corp.*, 460 F.3d 1075, 1080 (9th Cir. 2006) ("The primary jurisdiction doctrine is 'a doctrine specifically applicable to claims properly cognizable in court.'") (citation omitted), but Dr. Bronner's claim has been left unresolved.  Because Dr. Bronner's continues to suffer injury but is left without a remedy and the only indication from the USDA is that it will not act in the reasonably foreseeable future, the stay should be lifted.

### B. The Parties Should Be Permitted to Engage In Limited Discovery

As stated above, the Court suggested at the June 10, 2011 Case Management Conference that Dr. Bronner's propose a reasonably limited discovery plan pursuant to which this action could proceed.  Pursuant to the Court's request, Dr. Bronner's proposes the discovery plan set forth below.  The current plan entirely avoids depositions and is limited to a handful of interrogatories and an even smaller number of document requests and seeks only information that will be readily accessible to Defendants.  All of the information sought is highly relevant and its relevance is set forth below each request.  Dr. Bronner's plan provides a reasonable accommodation of Dr. Bronner's interest to have its suit proceed so that Dr. Bronner's can vindicate its rights, and Defendants' interest in avoiding extensive discovery and expense which may be rendered moot if the USDA eventually take action that this Court deems to warrant dismissal of Dr. Bronner's claim.[3]  Dr. Bronner's plan also protects the interests of the Court and

---

[3] Dr. Bronner's proposed plan is intended to be a first step on proceeding in this action only and is not intended to be all the discovery conducted in this action, and by proposing or proceeding with this plan Dr. Bronner's is not intending to waive its right to seek follow-up and additional discovery on an appropriate schedule and as appropriate in light of future developments.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND
PROPOSED DISCOVERY PLAN     5
NO. CV-09-3517 JF

23183\2697853.2

the USDA in having the appropriate forum adjudicate Dr. Bronner's claim by proceeding slowly and on a staged basis.

        1.      Proposed Discovery From Manufacturer Defendants

Dr. Bronner's proposes that each of the Manufacturer Defendants would, within sixty days from the date of a Court order approving this plan, respond to the following interrogatories:

**Proposed Interrogatory No. 1**:

> "Identify, by brand name, product name, and SKU, all products[4] that you[5] have sold into the marketplace (either directly to consumers or a retail channel, or through a wholesaler or distributor) since August 1, 2008 that use the word "organic," "organics" or any variation thereof, in any manner other than to identify a specific ingredient as "organic" in a list of ingredients on the back label of the product."

This Interrogatory establishes and verifies basic facts of the products that Defendants sell which are the subject of this action. Needless to say, Defendants are well aware of the products they sell and this information should be easily accessible.

**Proposed Interrogatory No. 2**:

> "For each product identified in response to Interrogatory No. 1, state whether you contend that the product is organic; *e.g.*, if the product is a shampoo, state whether you contend it is organic shampoo."

This interrogatory establishes whether Defendants contend that their products are organic. This interrogatory imposes no burden or expense and is relevant to the existence of consumer confusion.

**Proposed Interrogatory No. 3**:

> "State whether you have undertaken any surveys or research of any kind as to (a) whether consumers in the United States consider any of the products you identified in response to Interrogatory No. 1 to be organic, or (b) what consumers in the United States consider organic to mean in regard to cosmetics, and if so, state when such research was done, which of your employees, contractors, or agents were involved, and what the result or conclusion of the research was."

---

[4] "Product" means each personal care product that is represented by a separate S.K.U.
[5] "You" means the named defendant and its officers, directors, employees, attorneys, agents, representatives, and any entity in which it owns a controlling interest, and the officers, directors, employees, attorneys, agents, representatives of any so-controlled entities.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND
PROPOSED DISCOVERY PLAN
NO. CV-09-3517 JF

6

23183\2697853.2

This interrogatory seeks information regarding core issues in this action, namely what Defendants have been informed consumers in the United States believe the word organic means in regard to cosmetic products and whether Defendants' marketing confuses consumers. The interrogatory does not call for production of related documents and therefore is minimally burdensome.

**Proposed Interrogatory No. 4**:

> "For each product identified by you in response to Interrogatory No. 1, identify each preservative in the product and describe generally how that preservative is manufactured and what ingredients and/or chemicals are used to manufacture it."

This interrogatory addresses Dr. Bronner's contention that Defendants' products contain preservatives which make the products non-organic to a substantial segment of consumers.

**Proposed Interrogatory No. 5**:

> "For each of your products identified in Response to Interrogatory No. 1 that contains any of the ingredients Sodium Myreth Sulfate, Sodium Lauryl Sulfoacetate, Cocamidopropyl Hydroxysultaine, Olefin Sulfonate, Cocamidopropyl Betaine, Disodium Laureth Sulfosuccinate, and/or Amidopropyl Betaine, state whether any agricultural material is used as an input or component in the manufacture of such ingredient, and if so whether such agricultural material is certified organic in compliance with the USDA NOP."

This interrogatory addresses a core issue in this case, namely that Defendants' products contain functional ingredients, *i.e.*, the main cleansing ingredients that actually make the products work, that are made from agricultural material that Defendants will *not* contend is organic and which then undergoes extensive chemical processing with petrochemical agents and ingredients.

**Proposed Interrogatory No. 6**:

> "State whether You contend that your use of the word 'organic,' or 'organics,' or any variation thereof enables your products to command a higher price than they would absent your use of the word 'organic,' or 'organics,' or any variation, or distinguishes favorably your products from other products in the marketplace that do not contain on their front panel the word 'organic,' or 'organics,' or any variation thereof."

This interrogatory seeks to establish that products marketed as organic have an advantage in the marketplace by virtue of their being marketed as organic. This point is relevant to liability

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND PROPOSED DISCOVERY PLAN
NO. CV-09-3517 JF

7

23183\2697853.2

and damages.

Dr. Bronner's also proposes that each of the Manufacturer Defendants would produce documents in response to the following limited requests.

**Proposed Request For Production No. 1**:

> "Produce one copy of every print, web or other advertisement for a personal care product that uses the word "organic," "organics," "organically" or any variation thereof in any manner (other than to identify a specific ingredient as "organic" in a list of ingredients on the back label of a product) that you have publicly disseminated or caused to be publicly disseminated since August 1, 2008."

This request seeks to establish the basic facts of how Defendants are marketing their products as organic. Defendants should have easy access to their own advertisements.

**Proposed Request For Production No. 2**:

> "Produce the front and back label of each product indentified in response to Interrogatory No. 1."

Like the above proposed request, this request establishes the basic facts of how Defendants are marketing and labeling their products as organic. Defendants should have easy access to their own product labels.

2. Proposed Discovery From Ecocert

Dr. Bronner's proposes that Ecocert respond to the following one proposed Interrogatory and one Request for Production of Documents. As can be seen, this proposed discovery is very limited and unobtrusive.

**Proposed Interrogatory No. 1**:

> "Identify each personal product sold in the United States that you have certified as organic (in whole or in part) since August 1, 2008, and identify the Ecocert standard to which you certified each such product."

This Interrogatory seeks to establish basic facts regarding Ecocert's activities in certifying personal care products are organic, and requests information that is easily accessible to Ecocert.

**Proposed Request for Production No. 1**

> "Produce a copy of each standard identified by you in response to Interrogatory No. 1."

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND
PROPOSED DISCOVERY PLAN
NO. CV-09-3517 JF

8

23183\2697853.2

This request seeks a limited amount of information that will be easily accessible to Ecocert.

## IV. CONCLUSION

For the reasons stated above, Dr. Bronner's respectfully requests that the Court partially lift the stay and permit this action to proceed with discovery pursuant to the plan set forth herein.

Dated: August 5, 2011							FARELLA BRAUN + MARTEL, LLP

By:   */s/ John L. Cooper*
         John L. Cooper

Co-Counsel:

Joseph Sandler
SANDLER, REIFF & YOUNG, P.C.

Attorneys for Plaintiff
ALL ONE GOD FAITH, INC., d/b/a
DR. BRONNER'S MAGIC SOAPS

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DR. BRONNER'S MOTION TO LIFT STAY AND
PROPOSED DISCOVERY PLAN
NO. CV-09-3517 JF

9

23183\2697853.2