John L. Cooper (State Bar No. 050324)
  jcooper@fbm.com
Morgan T. Jackson (State Bar No. 250910)
  mjackson@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Joseph E. Sandler (*Pro Hac Vice*)
  sandler@sandlerreiff.com
Sandler, Reiff & Young, P.C.
300 M Street, S.E., Suite 1102
Washington, D.C.  20003
Telephone:  (202) 479-1111
Facsimile:  (202) 479-1115

Attorneys for Plaintiff
ALL ONE GOD FAITH, INC., d/b/a DR.
BRONNER'S MAGIC SOAPS, a California
corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALL ONE GOD FAITH, INC., d/b/a DR. BRONNER'S MAGIC SOAPS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE HAIN CELESTIAL GROUP, INC., a Delaware corporation, *et al.*,<br><br>Defendants. | Case No. CV-09-3517 SI<br><br>**ALL ONE GOD FAITH, INC.'S OPPOSITION TO DEFENDANT ECOCERT'S MOTION PURSUANT TO F.R.C.P. 12(b)(6) TO DISMISS SECOND CAUSE OF ACTION OF PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Date:         May 25, 2012<br>Time:         9:00 a.m.<br>Courtroom:   10 |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ALL ONE GOD FAITH'S OPPOSITION TO
ECOCERT MOTION TO DISMISS

23183\3042211.1

1   For the first time in the three-year history of this proceeding, defendants Ecocert France

2   (SAS) and Ecocert, Inc. ("Ecocert") (collectively, "Ecocert") have raised the argument that

3   plaintiff All One God Faith, Inc. ("Dr. Bronner's") cannot assert a claim against them under the

4   Lanham Act for false advertising because Ecocert is not a direct competitor of Dr. Bronner's.  *See*

5   Defendant Ecocert's Motion Pursuant F.R.C.P. 12(b)(6) to Dismiss Second Cause of Action of

6   Plaintiff's Third Amended Complaint, Docket No. 205 ("Ecocert Mot.").  As a technical matter,

7   Ecocert cannot raise this defense through a motion to dismiss under Rule 12 at this time, because

8   this defense has been available to Ecocert from the beginning of the case and was not raised in

9   any earlier motion to dismiss or in its answer to the Second Amended Complaint, Fed. R. Civ.

10   Proc. 12(g)(2), although Ecocert still could raise this defense at a later stage of this proceeding.

11   Fed. R. Civ. Proc. 12(h)(2).

12   As a matter of fairness, however, given that Ecocert has never before raised this issue, Dr.

13   Bronner's should be granted leave to amend its Complaint solely as against Ecocert, to assert a

14   viable cause of action against Ecocert.  Dr. Bronner's is filing herewith a separate Motion for

15   Leave to Amend the Complaint as against Ecocert and a separate administrative motion to shorten

16   the time to hear its motion for leave to amend so that it may be heard at the same time as the

17   instant motion.

18   **I.      PROCEDURAL BACKGROUND**

19   On July 1, 2009, Dr. Bronner's filed its Second Amended Complaint ("SAC") in San

20   Francisco County Superior Court, alleging that the other defendants and Ecocert had violated

21   section 43(a) of the Lanham Act.  All defendants removed the action to this Court.  *See* Notice of

22   Removal, Docket No. 1; *and see* SAC, Exhibit F to Notice of Removal, Docket No. 1-6.  In the

23   SAC, Dr. Bronner's alleged that Ecocert, a private certifying organization, has certified products

24   as "organic" when no reasonable consumer would believe those products are organic based on the

25   composition of those products.  SAC at ¶¶ 19-25, 115, 184-85, Docket No. 1-6.

26   Several defendants filed motions to dismiss the SAC for failure to state a claim, under

27   Fed. R. Civ. Proc. 12(b)(6).  Docket Nos. 12, 15, 17.  Ecocert did not file such a motion, but

28   rather filed an answer to the SAC.  *See* Ecocert France (SAS) and Ecocert Inc.'s Answer to

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ALL ONE GOD FAITH'S OPPOSITION TO
ECOCERT MOTION TO DISMISS

23183\3042211.1

1   Plaintiff All One God Faith, Inc., dba Dr. Bronner's Magic Soaps Second Amended Complaint

2   for Damages and Injunctive Relief, Docket. No. 19.  In that Answer, Ecocert listed a number of

3   boilerplate defenses, including "that said plaintiff fails to state facts sufficient to constitute a

4   cause of action," but did not in any way raise or mention the defense that Dr. Bronner's could not

5   assert a false advertising claim against Ecocert because Ecocert is not a direct competitor of Dr.

6   Bronner's.

7        On December 14, 2009, Judge Fogel granted the motions to dismiss filed by the

8   defendants other than Ecocert, and granted Dr. Bronner's leave to amend its complaint.[1]  *See*

9   Order Granting Defendants' Motions to Dismiss and Granting Plaintiff's Motion to Dismiss

10  Ecocert's Counter-Claim, Docket. No. 76.  Technically, the SAC was never dismissed as to

11  Ecocert.  On January 13, 2010, Dr. Bronner's filed its Third Amended Complaint, the one now

12  before the Court.  Docket. No. 77 (hereinafter, the "TAC").  The TAC asserts the same cause of

13  action for false advertising against Ecocert as the SAC.

14       On February 16, 2012, defendants Hain Celestial Group, Inc. and two other defendants

15  filed a motion to dismiss the TAC solely on the grounds that the primary jurisdiction doctrine

16  applies, and that Dr. Bronner's Lanham Act claim could not proceed because it supposedly

17  sought to impose on defendants the U.S. Department of Agriculture's regulations under the

18  National Organic Program.  *See* Motion of Defendants The Hain Celestial Group, Inc., Kiss My

19  Face Corporation, and Levlad, LLC to Dismiss the Third Amended Complaint, Docket. No. 94.

20  Ecocert filed its own motion to dismiss, which simply joined in the memorandum filed by the

21  Hain defendants.  Ecocert did not in that motion in any way raise or mention the defense that Dr.

22  Bronner's was not a direct competitor.  *See* Ecocert's Motion to Dismiss Third Amended

23  Complaint, Docket No. 89.

24       Following Judge Fogel's Order of May 24, 2010 staying the case as to all defendants, *see*

25  Docket. No. 118, several defendants filed new motions to dismiss under the primary jurisdiction

26  doctrine and Fed. R. Civ. Proc. 12(b)(6), again on the grounds that the issues raised by Dr.

27

28

---

[1] Ecocert had also filed a counter-claim against Dr. Bronner's which was dismissed in this same December 14, 2009 Order.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ALL ONE GOD FAITH'S OPPOSITION TO
ECOCERT MOTION TO DISMISS                    - 1 -                    23183\3042211.1

1    Bronner's complaint should be determined solely by USDA.  Renewed Motion of Defendants

2    The Hain Celestial Group, Inc., Kiss My Face Corporation, and Levlad, LLC to Dismiss the Third

3    Amended Complaint, Docket. No. 149.  Again, Ecocert simply joined in that motion, without

4    raising the defense that Dr. Bronner's is not a competitor.  *See* Ecocert's Joinder in Support of

5    Renewed Motion to Dismiss Third Amended Complaint, Docket. No. 154.

6         In its pending motion, filed on April 6, 2012, Ecocert for the first time raises the defense

7    that Dr. Bronner's "fails to state a claim upon which relief can be granted because Plaintiff and

8    Ecocert are not engaged in the same commercially competitive endeavor, as that term is used in

9    claims pursuant to" the false advertising prong of the Lanham Act.  Ecocert Mot. at 3.

10   **II.**    **ARGUMENT**

11        **A.**    **Ecocert's Defense Cannot Be Raised Through Its Pending Motion To Dismiss**

12        Under Fed. R. Civ. Proc. 12(g)(2), a party that makes a motion under Rule 12(b) "must

13   not make another motion under this rule raising a defense or objection that was available to the

14   party but omitted from its earlier motion."  Further, under Fed. R. Civ. Proc. 12(b), "a motion to

15   dismiss for failure to state a claim must be made before any responsive pleading; otherwise, the

16   motion is untimely."  *Federal Agric. Mortg. Corp.*, No. C 03-3721 VRW, 2005 WL 3325051, at

17   *4 (N.D. Cal. Dec. 7, 2005).

18        In this case, Ecocert clearly could have moved to dismiss the SAC on the grounds it now

19   raises, *i.e.*, that Dr. Bronner's is a direct competitor.  Instead, Ecocert filed an answer to the

20   complaint, in which this defense was not mentioned.  "'[T]he filing of an amended complaint will

21   not revise the right to present by motion defenses that were available but were not asserted in a

22   timely fashion prior to the amendment of the pleading.'"  *Federal Agric. Mortg. Corp.*, 2005 WL

23   3325051, at *5 (quoting Wright and Miller, 5D Federal Practice & Procedure § 1388 at 491-92

24   (3d ed. 2004)).  Further, with respect to the pending complaint, the Third Amended Complaint,

25   Ecocert already joined a prior motion to dismiss under Rule 12(b) without raising the defense it

26   now asserts.  Under Fed. R. Civ. P. 12(g)(2), that defense cannot now be raised by a new motion

27   to dismiss under Rule 12(b)(6).  *See, e.g., Legal Additions LLC v. Kowalski*, No. C-08-2754

28   EMC, 2010 WL 335789, at *1 (N.D. Cal. Jan. 22, 2010) ("Defendants could have made each of

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ALL ONE GOD FAITH'S OPPOSITION TO
ECOCERT MOTION TO DISMISS                    - 2 -                    23183\3042211.1

1   the arguments on the substantive claims that [it] is now making in the currently pending

2   motion. . . .  Defendants *should* have made those arguments.") (emphasis in original); *see* Wright

3   and Miller et al., 5C Federal Practice and Procedure § 1385 (updated April 2012) ("The ban

4   against successive pre-answer motions extends to … failure to state a claim upon which relief can

5   be granted.").

6          Accordingly, Ecocert's defense is not properly raised through its current motion.

7   **B.     As A Matter Of Fairness, Dr. Bronner's Should Be Granted Leave To Amend
            Its Complaint As Against Ecocert**

8

9          Although Ecocert's current motion cannot be granted, under Fed. R. Civ. Proc. 12(h)(2),

10  Ecocert may argue that the same defense through a motion for judgment on the pleadings or at a

11  later stage of the proceedings.  Accordingly, as a matter of judicial economy, Dr. Bronner's is not

12  requesting that Ecocert's motion be denied.

13         As a matter of fairness, however, given that Ecocert has never before in the three year

14  course of this proceeding raised the issue that Dr. Bronner's is not a direct competitor, Dr.

15  Bronner's should be granted leave to amend its Complaint, as against Ecocert only, in order to

16  state a viable cause of action.  Dr. Bronner's is moving for such leave through a separate motion

17  being filed herewith.

18                                    **CONCLUSION**

19         For the reasons set forth above, Ecocert's motion to dismiss the TAC should be granted,

20  with leave for Dr. Bronner's to amend its complaint as against Ecocert.

21

22  Dated: April 27, 2012                          FARELLA BRAUN + MARTEL LLP

23

24                                          By:_____*/s/ John L. Cooper*_____
                                                   John L. Cooper
25
                                            Attorneys for Plaintiff
26                                          ALL ONE GOD FAITH, INC., DBA Dr.
                                            BRONNER'S MAGIC SOAPS
27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ALL ONE GOD FAITH'S OPPOSITION TO
ECOCERT MOTION TO DISMISS                - 3 -                         23183\3042211.1