THOMAS H. CLARKE, JR. (SBN 47592)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105-1667
Telephone:   (415) 543-4800
Facsimile:   (415) 972-6301
Email:       tclarke@rmkb.com

Attorneys for Defendants
ECOCERT FRANCE (SAS), a French corporation
and ECOCERT, INC., a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALL ONE GOD FAITH, INC., d/b/a/ DR. BRONNER'S MAGIC SOAPS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC., a Delaware corporation; KISS MY FACE CORPORATION; a New York corporation; LEVLAD, INC., a California corporation; ESTEE LAUDER, INC., a Delaware corporation; FLORESTAS ORGANIC BOTANICAL INC., a New York corporation; JUICE BEAUTY, INC., a Delaware corporation; STELLA MCCARTNEY AMERICA, INC., a Delaware corporation; GIOVANNI COSMETICS, INC., a California corporation; COSWAY COMPANY, INC., a California corporation; COUNTRY LIFE, LLC, a New York limited liability company; ORGANIC AND SUSTAINABLE INDUSTRY STANDARDS, INC., a Nevada corporation; and ECOCERT FRANCE (SAS), a French corporation; ECOCERT, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 09-cv-03517-SYI<br><br>**OPPOSITION OF DEFENDANT ECOCERT TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>Date:    June 15, 2012<br>Time:    9:00 a.m.<br>Dept.:   Courtroom 10, 19th Floor<br>Judge:   Hon. Susan Illston |

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

## I. BACKGROUND

The case was initially filed by plaintiff in state court; the causes of action alleged violations of Sections 17200 and 17500 of the California Business & Professions Code. After the court found that Plaintiff lacked standing under Proposition 64, plaintiff was given one last opportunity to amend its complaint. Thereafter, Plaintiff filed its Second Amended Complaint and pled exclusively a cause of action pursuant to the Lanham Act. Thereafter, the case was removed to Federal court.

In its most recent iteration (the Third Amended Complaint), Plaintiff stated a first cause of action under the Lanham Act against all defendants except Ecocert, and a second cause of action under the Lanham Act against Ecocert, but no other defendant.

Subsequently, Ecocert filed a F.R.C.P. 12(b)(6) motion, noting that Ecocert and Plaintiff were not competitors engaged in a similarity of endeavors, which is an essential element of any claim based on the Lanham Act as pled by Plaintiff. Plaintiff conceded that there was merit to the argument[1], and now seeks to amend its complaint to state a cause of action against Ecocert apparently pursuant to Section 17200 of the California Business & Professions Code ("B.&P.C.").

## II. PLAINTIFF'S FAILURE TO CONFORM TO LOCAL RULE 10-1 MAKES ASSESSMENT OF ITS PROPOSED AMENDMENT IMPOSSIBLE TO ASCERTAIN

Plaintiff seeks leave to file a fourth amended complaint, in which Plaintiff will apparently state some sort of cause of action against Ecocert pursuant to § 17200 B.&P.C. (for example, see Plaintiff's Notice of Motion, p. 2:6-9, and Memorandum of P&A, p. 1:11-14). Plaintiff alleges that this Court will have supplemental jurisdiction over its newly stated cause of action against Ecocert pursuant to "35 U.S.C. § 1367(a)" [sic][2]. Plaintiff's Memorandum of P&A, p. 4 (footnote 5).

---

[1] Plaintiff waived any objections it had as to the Ecocert motion, and noted in its "opposition" that it was seeking leave to amend. See Ecocert's Reply to Plaintiff's Opposition to Ecocert's F.R.C.P. 12(b)(6) motion to the Third Amended Complaint.

[2] Ecocert assumes Plaintiff meant 28 U.S.C. § 1367(a).

RC1/6468076.1/SH8     - 2 -     OPPOSITION OF DEFENDANT ECOCERT TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

1   However, Plaintiff's papers are bereft of the proposed amended complaint. This is no
2   insignificant matter since § 17200 B.&P.C. has three "prongs" (unlawful, unfair, and
3   "fraudulent") plus a fourth explicit cross-reference to § 17500 B.&P.C.[3]; each of these "prongs"
4   encompasses entirely different causes of action and each has at least some unique elements.[4]
5   Ecocert has no idea how Plaintiff will plead its "proposed" cause of action, or what might be
6   contained therein.

7   Ecocert is thus unable to ascertain if it has grounds for objection to the motion even with
8   the liberality normally given to such motions. For example, leave to amend may be denied if the
9   proposed amendment is futile or would be subject to dismissal. See, for example, *Carrico v. City*
10  *& County of San Francisco* (9th Cir. 2011) 656 F.3d 1002, 1008 (motion to amend may be denied
11  if the amendment would be futile); *Adorno v. Crowley Towing & Transp. Co.* (1st Cir. 2006) 443
12  F.3d 122, 126 (in assessing "futility," the court applies the same standard governing motions to
13  dismiss under F.R.C.P. 12(b)(6)).

14  Ecocert thus is plainly unable to make such an assessment because Plaintiff has not, as
15  required by Local Rule 10-1[5], provided Ecocert (or the Court) with a copy of the very pleading it
16  is proposing to put forth.

17  Further, since supplemental jurisdiction is discretionary, the lack of a specific pleading
18  means that Ecocert is unable to evaluate if such jurisdiction would be appropriate.

19  Finally, the other defendants have filed a F.R.C.P. 12(b)(6) motion (in which Ecocert has
20  joined) that raises significant issues of primary jurisdiction. Not until a valid Federal claim has
21  been plead can this Court consider whether it can or should exercise "supplemental jurisdiction."
22  *Hunter v. United Van Lines* (9th Cir. 1984) 746 F.2d 635, 649.

23  As such, because Plaintiff has made a significant material omission necessary to address

---

[3] "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

[4] A description of the claims that can be made under each "prong" of and the elements related to § 17200 B.&P.C. can be found in The Rutter Group: *Bus. & Prof.C. § 17200 Practice*, Chapter 3.

[5] "Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."

RC1/6468076.1/SH8 - 3 - OPPOSITION OF DEFENDANT ECOCERT TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

1  the validity of its requested relief, Ecocert requests that the motion be denied.

2  Dated: May 15, 2012					ROPERS, MAJESKI, KOHN & BENTLEY

4							By: /s/ Thomas H. Clarke, Jr.
							     THOMAS H. CLARKE, JR.
							     Attorneys for Defendant
							     ECOCERT

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/6468076.1/SH8					- 4 -			OPPOSITION OF DEFENDANT ECOCERT TO PLAINTIFF'S
										MOTION FOR LEAVE TO AMEND THE COMPLAINT